IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHANE MONROE DODSON,

    Petitioner,

v.                                            Civil Action No. 5:16-CV-150

DAVID BALLARD, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On September 23, 2016, Shane Monroe Dodson ("Petitioner"), acting *pro se*, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. ECF No. 1. On the same date, Petitioner paid the $5.00 filing fee. ECF No. 4. On March 10, 2017, Respondent was ordered to show cause as to why the petition should not be granted. ECF No. 13.

Respondent filed a response to Petitioner's petition on May 5, 2017. ECF No. 19. On that same day, Respondent also filed a Motion for Summary Judgment as well as a Memorandum in Support of the Motion for Summary Judgment. ECF Nos. 20, 22. On May 24, 2017, Attorney Chris Petersen filed a Notice of Appearance on behalf of Petitioner. On June 30, 2017, Petitioner filed a Response to Respondent's Motion for Summary Judgment. ECF No. 28. On July 3, 2017, Petitioner filed a Cross Motion for Summary Judgment. ECF No. 29. On July 11, 2017, Respondent filed both a Reply to Petitioner's Response to Respondent's Motion for Summary Judgment, as well as a Response in Opposition to Petitioner's Cross Motion for Summary Judgment. ECF Nos. 30, 31. On July 25, 2017, Petitioner filed a Reply to Respondent's Response to Petitioner's Cross Motion for Summary Judgment.

This matter is now before the Court for initial review and a report and recommendation.

## II.     PROCEDURAL HISTORY

Petitioner was convicted on April 6, 2011, of daytime burglary and domestic battery in the Circuit Court of Jefferson County, West Virginia.  ECF 21-2 at 2.  His sentence was enhanced as a recidivist under a West Virginia statute, and he was subsequently sentenced to life in prison with the possibility of parole.  *Id*. at 2-3.  The Petitioner appealed his conviction to the Supreme Court of Appeals of West Virginia ("WVSCA") alleging prosecutorial misconduct, that the trial court erred in not granting his request for a new trial, and that the verdict was not supported by evidence.  *Id*. at 6.  The WVSCA denied his appeal on February 11, 2103.  *Id*.

On February 21, 2013, Petitioner filed a Petition for Habeas Corpus in the Circuit Court of Jefferson County, West Virginia alleging prosecutorial misconduct and ineffective assistance of counsel leading up to his trial.  *Id*. at 7.  **BY WRITTEN ORDER ENTERED ON NOVEMBER 25, 2014, THE CIRCUIT COURT GRANTED PETITIONER'S PETITION FOR HABEAS CORPUS WITH RESPECT TO A PORTION OF HIS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM, AND ORDERED THE STATE TO RE-OFFER THE PLEA OFFER PREVIOUSLY MADE TO PETITIONER.  ECF 21-2.**

The State appealed to the WVSCA.  ECF 1-2.  The WVSCA held that Petitioner "did not meet the requisite showing to prevail on his Sixth Amendment claim of ineffective assistance of counsel."  ECF 1-2 at 8.  Accordingly, on April 7, 2016, the decision of the Circuit Court was reversed, and the case was remanded with instruction that an order denying Petitioner habeas relief be entered.  *Id*.  Petitioner then filed the instant action on September 23, 2016, asking the Court to reverse the decision of the WVSCA.

**III.     STANDARD OF REVIEW**

The United States Supreme Court recognizes the appropriateness of Rule 56 summary judgment motions in habeas cases. *See Blackledge v. Allison*, 431 U.S. 63, 80 (1977); *see also United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004): *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (citing *Andiarena v. United States*, 967 F.2d 715, 719 (1st Cir. 1992)). Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); *United States v. Lee*, 943 F.2d 366, 368 (4th Cir. 1991).  Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). However, where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

In viewing the motion for summary judgment, the Court must do so under the constraints imposed by the habeas statue.  Under § 2254, this Court may not grant federal habeas relief unless it concludes that West Virginia's adjudication of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see also Williams v. Taylor*, 529 U.S. 362 (2000). A state court decision is "contrary to . . . clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 405. A state court decision "involves an unreasonable application of clearly established

Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), if the state court decision "identifies the correct governing legal principle from the Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 412. An objectively "unreasonable application of federal law is different from an incorrect or erroneous application of federal law." *Id*. Thus, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable" for habeas relief to be granted. *Id*. at 411.

Additionally, "The Fourth Circuit Court of Appeals has determined that 'the phrase "adjudication on the merits" in section 2254(d) excludes only claims that were not raised in state court. *Thomas v. Taylor*, 170 F.3d 466, 475 (4th Cir. 2000)."

As these principles make clear, § 2254(d) imposes a powerful limit on the relitigation of claims that have already been rejected by state courts:

> "[Section 2254(d)] preserves authority to issue the writ in cases where there is no possibility fair minded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement."

*Harrington v. Richter*, 131 S.Ct. 770, 786–87 (2011). A habeas petitioner proceeding under § 2254 bears the burden of showing that he is entitled to habeas relief under this highly deferential standard.

Finally, determinations of factual issues by the state court are presumed to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This standard "reflects Congress's view that there is no reason for a do-over in federal court when it comes to facts already resolved by state tribunals." *Id*. Accordingly, courts should not "casually cast aside a state court's factual findings. *Id*.

## IV. DISCUSSION

The only of Petitioner's claims that was accepted by the Circuit Court was that Petitioner received ineffective assistance of counsel *during the plea negotiations stage* of the underlying criminal case. Indeed, the Circuit Court found that counsel was not ineffective during the trial stage of the proceedings. So only the plea negotiations are relevant for our purposes, and much of what happened during that stage is not disputed.

All parties agree that leading up to the trial, a plea agreement was offered to Petitioner which, if accepted, would have resulted in him being sentenced to one to ten years in prison. Petitioner was informed of the offer by his trial counsel, Mr. Lambert. After conversations between Mr. Lambert and Petitioner, the content of which is heavily disputed, Petitioner declined the plea offer, and the case proceeded to trial. At trial, the jury ultimately convicted Petitioner of domestic battery, and a lesser included offense of daytime burglary, as opposed to burglary. The State sought to enhance Petitioner's sentence under West Virginia's recidivist statute (West Virginia Code § 61-11-18(c)). Petitioner admitted to having been convicted of two prior felonies. Accordingly, he was sentenced to life in prison, with the possibility of parole after

fifteen (15) years. For purposes of the omnibus hearing, the most important issue was the conversations between the Petitioner and Mr. Lambert.

### A. Omnibus Hearing

An omnibus hearing was held on June 18, 2014, in the Circuit Court of Jefferson County. Petitioner and Mr. Lambert both testified at the omnibus hearing and their accounts of what transpired conflicted often. A summary of each account is below.

Petitioner testified that when he was presented with the plea offer, he was advised by Mr. Lambert to decline the offer because there was no chance of him being convicted of burglary since he did not break in or steal anything from the victim's home, and he could not be convicted of domestic battery because he was not related to, or living with, the victim. Petitioner further testified that the possibility that he could be convicted of the lesser charge of daytime burglary and still receive a life sentence was not sufficiently explained to him. Petitioner testified that Mr. Lambert failed to sufficiently explain the elements of the crimes to him. Petitioner testified that had he been adequately apprised of the elements of the crimes, including the lesser offense he was ultimately convicted of, and the possible resulting sentences, he would have taken the plea offer. Petitioner's mother also testified at the hearing and her testimony supported Petitioner's version of events.

Mr. Lambert testified he walked Petitioner through the elements of the crimes, explained the lesser included crime and possible sentences, and advised him to accept the plea deal. Mr. Lambert testified that Petitioner was steadfast in his refusal to take the plea deal. Mr. Lambert attributes this to the fact that the victim in the case had retracted her original version of events and was prepared to testify that she invited Petitioner over to her house, that he did not break in, and that he did not batter her.

### B. The Circuit Court's Decision

The Circuit Court granted Petitioner's habeas petition based on only one of Petitioner's claims: that Mr. Lambert, Petitioner's trial counsel, provided him with ineffective assistance with respect to the portion of the underlying case involving plea negotiations. In fact, the Circuit Court expressly found that Petitioner's right to effective assistance of counsel was not violated during his trial, and that his right to due process was not violated by prosecutorial misconduct, as his Petition alleged.

The Circuit Court concluded that "Mr. Dodson <u>was</u> denied effective assistance of counsel in the plea bargaining phase of his trial because Mr. Lamber's advice to reject the State's Plea Offer was based on incorrect legal rules that clearly contradicted settled law." ECF 1-1 at 13. The Circuit Court found that Mr. Lambert "at the very least failed to properly explain, and (judging from remarks he made at trial) potentially misunderstood the applicable law himself." ECF 1-1 at 15.[1] He also found that Mr. Lambert failed to properly inform the Petitioner of the required elements of the underlying offenses. ECF 1-1 at 16. The Circuit Court found Mr. Lambert's performance in dealing with the plea negotiations to be objectively deficient under the first prong of the *Strickland* test. ECF 1-1 at 15. The Circuit Court then concluded that but for Mr. Lambert's errors, the result of the proceedings would have been different. Namely, Petitioner would have accepted the plea offer and received a substantially more lenient sentence. This, the Court concluded, satisfied the prejudice requirement of the second prong of the *Strickland* test. Accordingly, he ruled in favor of the Petitioner and ordered the State to re-tender the plea offer to him.

---

[1] It is worth noting that the Circuit Court Judge who presided over the state habeas proceeding and omnibus hearing was the same Judge who presided over the underlying case and trial. Therefore, he was in a better position than anyone to access the situation and make determinations of the involved individuals' credibility.

### C. Analysis

In reviewing a circuit court finding in a habeas corpus action, the WVSCA applies a three-prong standard of review. *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). The final order and the ultimate disposition is reviewed under an abuse of discretion standard, the underlying factual findings are reviewed under a clearly erroneous standard, and questions of law are subject to *de novo* review. *Id.*

In the instant case, the WVSCA does not posit an abuse of discretion with respect to the final order and ultimate disposition, nor do they mention a clearly erroneous finding with respect to the factual findings. In reviewing the record, the Court does not see evidence of either. Thus, the WVSCA only takes issue with the Circuit Court on is in its determination that Petitioner did in fact receive ineffective assistance from his counsel in the plea bargaining stage. Under the third prong, they reviewed Petitioner's ultimate legal claim of ineffective assistance of counsel, which they determined was a question of law, *de novo*. ECF 1-2 at 5.

The applicable test for evaluating the effectiveness of counsel is a two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed2d 674 (1984). Under the first prong of the *Strickland* test, the court must determine whether counsel's performance was deficient under an objective standard of reasonableness. *Id*. Under the second prong in *Strickland*, the court must determine if there is a reasonable possibility that if not for counsel's errors, the result of the proceedings would have been different. *Id*. Since the WVSCA found that the Circuit Court erred in finding Mr. Lambert's performance to be deficient under an objective standard of reasonableness, they declined to access the Circuit Court's finding under the second prong of *Strickland*. ECF 1-2 at 8. Therefore, this Court will follow suit.

The WVSCA concedes that had the Circuit Court made credibility determinations, those determinations would have been entitled to great deference as a matter of law. ECF 1-2 at 5. However, they conclude that since the Circuit Court made no "explicit credibility assessments", it was entitled to no such deference. *Id*. The Court disagrees with this assessment. Indeed, the only evidence of consequence presented at the omnibus hearing was the testimony of the Petitioner and Mr. Lambert. Their accounts of what transpired were in direct conflict with one another. Accordingly, the only way the Circuit Court *could* make a decision was to access the credibility of those two individuals, and determine who it believed to be telling the truth. It is axiomatic simply by reading the Circuit Court's Order in the habeas proceeding that this is precisely what the Court did, and it is inarguable that the Circuit Court was in the best position to make this determination. Recall that the same Court oversaw the underlying trial, and the habeas proceeding that ensued. That the Circuit Court did not expressly label a section of the Order a "credibility determination" does not matter and the State points to no case law that says otherwise. The Order is a credibility determination in and of itself.

Once the WVSCA's reasoning that the Circuit Court failed to make an express credibility determination is dispelled, it becomes apparent that the Circuit Court was well within its discretion to find that Mr. Lambert's performance in the plea bargaining portion of the underlying case was deficient under an objective standard of reasonableness. **INDEED, IF ONE TAKES PETITIONER'S VERSION OF EVENTS TO BE ACCURATE, A FINDING OF INEFFECTIVE ASSISTANCE OF COUNSEL IS THE ONLY CONCLUSION TO BE MADE.**

V.    **RECOMMENDATION**

Based on the foregoing, the Court recommends that Petitioner's § 2254 petition and Cross Motion for Summary Judgment [ECF No. 29] be **GRANTED**, and that Respondent's Motion for Summary Judgment [ECF No. 20] be **DENIED**.

The Court further recommends that the decision of the WVSCA be reversed, and the case be remanded to the Circuit Court of Jefferson County for entry of an order that the plea offer in dispute is to be re-offered to Petitioner.

Any party may, within fourteen [14] days of the filing of this recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the United States District Judge of record.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Report and Recommendation to all counsel of record.  Upon entry of this Report and Recommendation, the Clerk of the Court is further **DIRECTED** to terminate the Magistrate Judge's association with this case.

DATED: January 30, 2018                                        */s/ James E. Seibert*
                                                                              JAMES E. SEIBERT
                                                                              U.S. MAGISTRATE JUDGE