IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SHANE MONROE DODSON,

        Petitioner,

v.                                    Civil Action No. 5:16CV150
                                                          (STAMP)
DAVID BALLARD, Warden,

        Respondent.


              **MEMORANDUM OPINION AND ORDER**
              **DECLINING TO ADOPT THE MAGISTRATE**
               **JUDGE'S REPORT AND RECOMMENDATION,**
        **DENYING PETITIONER'S CROSS MOTION FOR SUMMARY JUDGMENT,**
         **AND GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

    The petitioner, Shane Monroe Dodson ("Dodson"), acting pro se,[1] filed a petition (ECF No. 1) under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Dodson is currently incarcerated in Mount Olive Correctional Complex, serving an enhanced life sentence as a recidivist for his April 6, 2011 convictions of daytime burglary and domestic battery in the Circuit Court of Jefferson County, West Virginia.

    This civil action was referred to the United States Magistrate Judge for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. United States Magistrate Judge James E. Seibert entered a report (ECF No. 33), recommending that petitioner's § 2254 petition and cross motion for

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

summary judgment (ECF No. 29) be granted, and that respondent's motion for summary judgment (ECF No. 20) be denied. The magistrate judge further recommended that "the decision of the West Virginia Supreme Court of Appeals ("WVSCA") be reversed, and the case be remanded to the Circuit Court of Jefferson County for entry of an order that the plea offer in dispute is to be re-offered to Petitioner." ECF No. 33 at 10.

The respondent filed timely objections (ECF No. 34) to the report and recommendation.

I. Background

The petitioner appealed his conviction to the Supreme Court of Appeals of West Virginia ("WVSCA") alleging prosecutorial misconduct, that the trial court erred in not granting his request for a new trial, and that the verdict was not supported by evidence. The WVSCA denied his appeal on February 11, 2013. On February 21, 2013, petitioner filed a petition for habeas corpus in the Circuit Court of Jefferson County, West Virginia alleging prosecutorial misconduct and ineffective assistance of counsel leading up to his trial. After holding an omnibus hearing, the Jefferson County Circuit Court found that the petitioner had received ineffective assistance of counsel during the plea bargaining phase of his trial and granted him habeas corpus relief. Specifically, the Circuit Court determined that Dodson's trial counsel had erroneously advised Dodson of the law applicable to the

charges against him and that Dodson had relied on this erroneous advice when he rejected a plea agreement offered by the State. By written order, the Circuit Court ordered the State to re-offer Dodson the plea offer. ECF No. 21-2. The State appealed, and the Supreme Court of Appeals of West Virginia (the "WVSCA") ultimately overturned the Circuit Court's order. The WVSCA held that petitioner "did not meet the requisite showing to prevail on his Sixth Amendment claim of ineffective assistance of counsel." ECF 1-2 at 8. Accordingly, on April 7, 2016, the decision of the Circuit Court was reversed, and the case was remanded with instruction that an order denying petitioner habeas relief be entered. Petitioner then filed the instant action on September 23, 2016, asking the Court to reverse the decision of the WVSCA.

Respondent filed a response to petitioner's petition (ECF No. 19) as well as a motion for summary judgment with a memorandum in support. ECF Nos. 20, 22. On May 24, 2017, Attorney Chris Petersen filed a notice of appearance on behalf of petitioner. ECF No. 25. Petitioner then filed a response to respondent's motion for summary judgment (ECF No. 28) and a cross motion for summary judgment (ECF No. 29). Respondent filed both a reply to petitioner's response to respondent's motion for summary judgment (ECF No. 30), as well as a response in opposition to petitioner's cross motion for summary judgment (ECF No. 31). Petitioner then

filed a reply to respondent's response to petitioner's cross motion for summary judgment. ECF No. 32.

This civil action was referred to United States Magistrate Judge James E. Seibert for a report and recommendation. ECF No. 33. The magistrate judge noted that "[t]he only of Petitioner's claims that was accepted by the Circuit Court was that Petitioner received ineffective assistance of counsel during the plea negotiations stage of the underlying criminal case" and that "the Circuit Court found that counsel was not ineffective during the trial stage of the proceedings." The magistrate judge then noted that "only the plea negotiations are relevant for our purposes." The magistrate judge reviewed the omnibus hearing proceedings regarding the discussions between petitioner and his former counsel as to the portion of the underlying case involving plea negotiations, the Circuit Court's decision and order granting the petitioner's habeas petition and ordering the State to re-tender the plea offer to the petitioner, and the WVSCA's three-prong standard of review on appeal. Upon review, the magistrate judge found that "[i]n the instant case, the WVSCA does not posit an abuse of discretion with respect to the final order and ultimate disposition, nor do they mention a clearly erroneous finding with respect to the factual findings." ECF No. 33 at 8. The magistrate judge states, "[i]n reviewing the record, the Court does not see evidence of either. Thus, the WVSCA only takes issue with the

Circuit Court on [] its determination that Petitioner did in fact receive ineffective assistance from his counsel in the plea bargaining stage." Id. The magistrate judge found that, under the third prong, the WVSCA reviewed petitioner's ultimate legal claim of ineffective assistance of counsel, which they determined was a question of law, de novo. ECF No. 33 at 8. The magistrate judge, in reviewing the decision of the WVSCA and its application of the Strickland test, noted that since the WVSCA found that the Circuit Court erred in finding Mr. Lambert's performance to be deficient under an objective standard of reasonableness, they declined to access the Circuit Court's finding under the second prong of Strickland. Upon review of the WVSCA's conclusion that the Circuit Court made no "explicit credibility assessments," the magistrate judge found that the Circuit Court did, in fact, make credibility determinations as to the testimony of the petitioner and his former counsel at the omnibus hearing. The magistrate judge adds that "it is inarguable that the Circuit Court was in the best position to make this determination" as the Circuit Court was "the same Court [that] oversaw the underlying trial, and the habeas proceeding that ensued." ECF No. 33 at 9. The magistrate judge found that the [Circuit Court's] Order is a credibility determination in and of itself." ECF No. 33 at 9. The magistrate judge concluded by stating:

> Once the WVSCA's reasoning that the Circuit Court failed to make an express credibility determination is

dispelled, it becomes apparent that the Circuit Court was well within its discretion to find that Mr. Lambert's performance in the plea bargaining portion of the underlying case was deficient under an objective standard of reasonableness. **INDEED, IF ONE TAKES PETITIONER'S VERSION OF EVENTS TO BE ACCURATE, A FINDING OF INEFFECTIVE ASSISTANCE OF COUNSEL IS THE ONLY CONCLUSION TO BE MADE.**

ECF No. 33 at 9 (emphasis in original).

Based on the foregoing, the magistrate judge recommended that "Petitioner's § 2254 petition and Cross Motion for Summary Judgment (ECF No. 29) be GRANTED, and that Respondent's Motion for Summary Judgment (ECF No. 20) be DENIED. The Court further recommends that the decision of the WVSCA be reversed, and the case be remanded to the Circuit Court of Jefferson County for entry of an order that the plea offer in dispute is to be re-offered to Petitioner." ECF No. 33 at 10.

The magistrate judge stated, "[a]ny party may, within fourteen [14] days of the filing of this recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation." Id.

Respondent filed objections to the magistrate judge's report and recommendation (ECF No. 33) and states that "this Court should

6

reject the R&R for any of three reasons." ECF No. 34 at 1. First, respondent argues that, "the analysis in the R&R intrudes upon a question of state law—namely, the standard of review and level of deference the Supreme Court of Appeals of West Virginia ("WVSCA") applies to factual findings made (or not made) by a state circuit court—that falls outside the scope of post-conviction collateral review prescribed in 28 U.S.C. § 2254." Id. Second, respondent argues that, "the WVSCA's factual determinations were not unreasonable in light of the record and, therefore, the R&R's conflicting factual determinations violate 28 U.S.C. § 2254(d)(2)." Id. Finally, respondent argues that, "the R&R's ultimate recommendation that this Court reverse the WVSCA should be rejected because it is evident that the WVSCA reasonably applied the facts to the relevant, applicable law." Id. Respondent asserts that while the report and recommendation "disagrees" with the WVSCA's determination that there were no such credibility determinations made by the Circuit Court, and thus, did not grant deference to the Circuit Court's findings of fact, "the question of the extent to which, if at all, the WVSCA applies deference to the credibility findings of the inferior West Virginia state courts is inherently a question of state law." ECF No. 34 at 3. Respondent argues that the magistrate judge's "finding violates the scope of habeas review as it is evident that this issue involves the WVSCA's interpretation of its own state case law, and, on questions of such

7

law, the WVSCA is the ultimate authority." Id. Thus, respondent asserts, "the R&R may 'disagree' with how the WVSCA applied West Virginia law, but it is erroneous to recommend reversal of such a decision." ECF No. 34 at 4. Respondent also asserts "[t]he point discussed above is sufficient, standing alone, for this Court to reject the R&R as it would have this Court pass beyond the scope of § 2254 review and delve into questions of state law. However (and arguing purely in the alternative) even if this Court were to conclude the R&R's analysis does not unlawfully (and unconstitutionally) intrude upon a question of state law, the WVSCA's factual determinations were not unreasonable and, therefore, relief under 28 U.S.C. § 2254(d)(2) is inappropriate, and the portion of the R&R rejecting the WVSCA's factual determinations should not be adopted by this Court." ECF No. 34 at 1. Specifically, respondent asserts that the WVSCA's factual findings are entitled to a presumption of correctness which the R&R does not recognize, the report and recommendation improperly considers the findings of the state circuit court in concluding that the WVSCA's credibility determinations were unreasonable, and that the WVSCA's credibility determinations are supported by the record. Lastly, respondent argues that the report and recommendation's ultimate recommendation—that this Court should reverse the WVSCA—should be rejected because it is evident that the WVSCA reasonably applied the facts to the relevant, applicable

federal law. ECF No. 34 at 11. Respondent concludes by stating "[t]he WVSCA's adjudication of Petitioner's ineffective assistance of counsel claim was neither an unreasonable application of federal law nor a decision based on an unreasonable determination of the facts." ECF No. 34 at 12. Respondent argues that this Court should reject the report and recommendation, deny petitioner's cross motion for summary judgment, and grant respondent's motion for summary judgment. In the alternative, this Court should reject the report and recommendation and remand this case back to the magistrate judge for entry of additional recommendations.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. As to those findings to which objections were not filed, those findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based

9

on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2). Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003) (citing Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000)).

Moreover, a federal habeas court should not "casually cast aside" a "state court's findings of fact." Sharpe v. Bell, 593 F.3d 372, 379 (4th Cir. 2010) (citing Miller v. Fenton, 474 U.S. 104, 112, 106 S. Ct. 445, 450 (1985) ("[F]ederal habeas court, should, of course, give great weight to the considered conclusions of a coequal state judiciary.")).

Section 2254 commands a federal court to "presume" the correctness of state court factual findings and only overturn a state court's credibility finding when the state court's error is "stark and clear." Cagle v. Branker, 520 F.3d 320, 324-25 (4th Cir. 2008) (quoting Lonberger, 459 U.S. at 434, 103 S. Ct. 843); see also Sharpe v. Bell, 593 F.3d 372, 378–79 (4th Cir. 2010). A federal court may not characterize these state-court factual determinations as unreasonable "merely because [it] would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301, 130 S. Ct. 841 (2010). Instead, § 2254(d)(2) requires that this Court accord the state trial court substantial deference. Brumfield v. Cain, 135 S. Ct. 2269, 2277 (2015). If reasonable minds reviewing the record might disagree

10

about the finding in question, on habeas review that does not suffice to supersede the trial court's determination. Rice v. Collins, 546 U.S. 333, 341-342, 126 S. Ct. 969 (2006).

The Fourth Circuit has repeatedly emphasized the deferential standard of review of a state court's credibility findings. Merzbacher v. Shearin, 706 F.3d 356, 364 (4th Cir. 2013). It is clear that "[c]redibility determinations, such as those the state . . . court made regarding [a witness], are factual determinations." Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003).

A federal habeas court reviewing the decision of a state habeas court must interpret the "last reasoned decision" from the state court. LeBlanc v. Mathena, 841 F.3d 256, 263-64 (4th Cir. 2016) (quoting Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)) ("In assessing a state prisoner's habeas claims, we review the 'last reasoned' state court decision."), cert. granted, judgment rev'd on other grounds sub nom. Virginia v. LeBlanc, 137 S. Ct. 1726, (2017). "Unless a state-court opinion adopts or incorporates the reasoning of a prior opinion, AEDPA generally requires federal courts to review one state decision." Woolley v. Rednour, 702 F.3d 411, 421 (7th Cir. 2012) (internal quotation omitted). However, "[i]f the last reasoned decision adopts or substantially incorporates the reasoning from a previous state court decision, [the Court] may consider both decisions to fully ascertain the

11

reasoning of the last decision." LeBlanc, 841 F.3d at 264 (citing Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007)). A federal court "[does] not review the state courts' last reasoned decision to ensure that it is consistent with the findings of the lower state courts; rather, [the court reviews] the last reasoned decision to determine whether it reasonably determined the facts in light of the evidence presented in the State court proceeding." Williams v. Johnson, 840 F.3d 1006, 1011 (9th Cir. 2016), cert. denied sub nom. Williams v. Adams, 137 S. Ct. 1344 (2017) (internal quotations omitted); see also Washington v. Sobina, 509 F.3d 613, 620 (3d Cir. 2007) ("[I]n the event of a conflict between the fact findings of the state trial court and the state appellate court, deference should be given to the version reached by the higher court." (citing Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)).

At the heart of this matter was the conflicting testimony between Dodson and Mr. Lambert regarding Dodson's allegations that Mr. Lambert gave him erroneous advice during plea bargaining, which were strongly opposed by Mr. Lambert. In order to prevail on his petition, Dodson must show that the WVSCA's adjudication of his case was either "an unreasonable determination of the facts in light of the evidence presented" or "contrary to, or involved an unreasonable application of, clearly established Federal law, as

12

determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d).

In its memorandum decision, the WVSCA looked to whether the circuit court made credibility determinations during the evidentiary proceedings, and found that "the habeas court made no explicit credibility assessments." Plumley v. Dodson, No. 14-1202, 2016 WL 1412247, at *3 (W. Va. Apr. 7, 2016). The WVSCA noted that, "[h]ad the judge made credibility determinations, this Court would have afforded him great deference because he had the opportunity to view the witnesses." Id. (citing Bartles v. Hinkle, 196 W. Va. 381, 389, 472 S.E.2d 827, 835 (1996). The WVSCA, finding no explicit credibility determinations had been made, and pursuant to well-settled case law, did not grant deference to the circuit court.

This Court finds that the WVSCA's critical factual determination that the circuit court "made no explicit credibility assessments" is not unreasonable. It is apparent that the circuit court did not make explicit credibility determinations in its order granting petition for habeas corpus relief (ECF No. 21-2) as to the witnesses that testified at the omnibus hearing. Petitioner submits that "the findings of the Circuit Court were credibility determinations, even if they were not expressly labeled as such." ECF No. 29 at 11. The WVSCA clearly disagreed.

Petitioner argues it is "inherently unreasonable for the WVSCA to refuse to recognize, and even deny the existence of, the Circuit Court's clear, and supported, credibility determinations, and instead substitute those determinations with its own." ECF No. 29 at 12. This Court finds this argument is overstated. The WVSCA's memorandum decision acknowledged that "the habeas court judge was Mr. Dodson's trial court judge," but ultimately found that no explicit credibility determinations were made. The WVSCA's decision certainly refutes petitioner's assertion that the circuit court made "clear, and supported, credibility determinations." The WVSCA, accordingly, then proceeded in its decision to analyze the contentions of the parties and makes its own factual determinations as to credibility of the witnesses, which it explained in detail with reference to the record. Following these findings, which were explained in detail, the WVSCA reached a conclusion as to the issue of witness credibility.[2]

It is clear that the WVSCA's memorandum decision is the last reasoned decision in the instant matter, and it certainly did not

---

[2]The WVSCA found that "[t]he testimony of Mr. Dodson and his mother at the habeas hearing are insufficiently corroborated by independent, objective evidence. The declarations of counsel, however, and the reasonable inferences drawn from Mr. Dodson's past behavior, establish that Mr. Dodson's decision to reject the plea offer was motivated primarily by a persistent, strong, and informed hope for exoneration at trial." Plumley v. Dodson, No. 14-1202, 2016 WL 1412247, at *6 (W. Va. Apr. 7, 2016).

14

adopt or incorporate part of the circuit court's opinion. In fact, the WVSCA's decision did the opposite.

This Court finds that the WVSCA's credibility findings are findings of fact are entitled to deference as explained by the case law above. See Merzbacher, 706 F.3d at 364. Further, this Court finds that the WVSCA's opinion is the last reasoned decision and thus, the circuit court's opinion must be disregarded. LeBlanc, 841 F.3d at 263-64. This Court finds that the magistrate judge's report and recommendation falls outside the scope of post-conviction collateral review prescribed in 28 U.S.C. § 2254 as it was to consider the WVSCA's memorandum decision as the last reasoned decision and afford deference to the factual credibility findings contained therein, not review the WVSCA's decision to ensure that it is consistent with the findings of the lower circuit court. Williams, 840 F.3d at 1011.

This Court finds no clear and convincing evidence contrary to the WVSCA's decision, and finds no stark or clear error by the WVSCA in consideration of the record. Cagle, 520 F.3d at 324-25. Having determined the circuit court judge made no explicit credibility determinations, the WVSCA was tasked with making its own findings as to credibility. These findings are clearly findings of fact, and this Court finds that the WVSCA's factual determinations were reasonable in light of the record. Miller-El, 537 U.S. at 340. Even if this Court were to disagree with the

15

factual findings of the WVSCA as to the issue of petitioner's credibility, as explained above, that would still not be enough. Wood, 558 U.S. at 301. If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the WVSCA's determination. Rice, 546 U.S. at 341–342.

Thus, this Court declines to adopt and affirm the report and recommendation of the magistrate judge and finds that the petitioner's motion for summary judgment must be denied. The magistrate judge's ultimate recommendation that this Court reverse the WVSCA should be rejected because it is evident that the WVSCA's factual determinations were not unreasonable in light of the record and that the WVSCA reasonably applied the facts to the relevant, applicable law.

IV. Conclusion

For the reasons set forth above, this Court declines to adopt the magistrate judge's report and recommendation (ECF No. 33). This Court finds that the WVSCA's adjudication of petitioner's ineffective assistance of counsel claim was neither an unreasonable application of federal law nor a decision based on an unreasonable determination of the facts, and upholds its decision. Accordingly, petitioner's cross motion for summary judgment (ECF No. 29) is DENIED and respondent's motion for summary judgment (ECF No. 20) is GRANTED.

It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

If the petitioner wishes to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 29, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE